# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBERAH MATTHEWS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff.<br><br>v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS LEASING, LLC, a Delaware Limited Liability Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware Limited Liability Corporation,<br><br>Defendants. | CASE NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAG. JUDGE:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Deberah Matthews ("Matthews" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class", as more fully defined below), alleges against Defendant Lumber Liquidators Inc., Defendant Lumber Liquidators Leasing, LLC, Defendant Lumber Liquidators Holding, Inc., and Defendant Lumber Liquidators Services, LLC (collectively "Lumber Liquidators", the "Company", or "Defendants"), the following facts and claims upon knowledge as to the matters relating to herself and upon information and belief as to all other matters and, by way of the Class Action Complaint, avers as follows:

**INTRODUCTION**

1. This is a proposed class action brought by Plaintiff on behalf of herself and the below-defined Class against Lumber Liquidators to obtain monetary damages arising from and relating to her purchase and installation of Lumber Liquidators' Chinese wood flooring material ("Chinese Flooring").

2. This class action arises out of Lumber Liquidators' importation into the United States, and falsely warranting, advertising, and selling Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards with respect to these products.

3. In particular, in contrast to its direct representations to the contrary, Lumber Liquidators manufactures, sells, and distributes Chinese Flooring which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

4. Further, contrary to Lumber Liquidators' repeated, detailed representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the toxic formaldehyde emissions form the Company's Chinese Flooring is multiple times the maximum permissible limits set by those standards at the time of purchase.

5. Lumber Liquidators' behavior with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiff and the other Class members to suffer direct financial harm. Plaintiff's purchase is markedly less valuable because of its elevated level of formaldehyde. Plaintiff would have paid significantly less, if she purchased Chinese Flooring at all, had she known that the product contained elevated levels of the toxin formaldehyde.

6. Plaintiff asserts claims individually and on behalf of the other members of the proposed Class.

## PARTIES

7. Plaintiff Matthews is a natural person and citizen of the State of Louisiana, Parish of Tangipahoa. Plaintiff purchased the Chinese Flooring in Baton Rouge, Louisiana on August 2, 2011, as well as on at least two other occasions, and had the Chinese Flooring installed in her home in Amite, Louisiana. Plaintiff relied on the representation of Lumber Liquidators, Lumber Liquidators' representatives, and the express warranties on the Chinese Flooring in selecting Lumber Liquidators' Chinese Flooring over all other brands of flooring.

8. Defendant, Lumber Liquidators, Inc. is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the State of Louisiana.

9. Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10. Defendant, Lumber Liquidators Holding, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23618.

11. Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiff is a citizen of Louisiana and Defendants are domiciled and incorporated in another state), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiffs' Class.

13. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this Judicial District. In addition, Lumber Liquidators does business and/or transacts business in this Judicial District, and therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## FACTUAL ALLEGATIONS

14. Lumber Liquidators has manufactured, labeled and sold the toxic Chinese Flooring as being compliant with "CARB regulations in the State of California." CARB is an acronym for the California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.

15. The United States statute that governs permissible formaldehyde emissions, the Formaldehyde Standards for Composite Wood Products Act, 15 U.S.C. §2697 ("The Formaldehyde Standards Act"), was signed into law on July 7, 2010. This law adopted the standards established by CARB as a nationwide standard.

16. Lumber Liquidators' Chinese Flooring is not what it purports to be. The Chinese Flooring contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations

4

in the State of California" and the standards promulgated in the Toxic Substances Control Act, 15 U.S.C. §2601 et. seq., and the Formaldehyde Standards Act, and is hazardous to human health.

17. Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems. The risk of these health problems is significantly greater for children. These health risks mandate that all of the flooring and any other component of her home damaged by the Chinese Flooring be removed and the home be remediated.

18. Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk. Day after day, week after week, month after month, Plaintiff frequents her home, an enclosed place, where her flooring is emitting toxic fumes.

19. As such, the Chinese Flooring Lumber Liquidators sold Plaintiff and other customers poses great health risks.

20. Because the Chinese Flooring emits excessive formaldehyde levels, it violates state building codes and industry standards, including the applicable Building Codes and CARB standards, the Toxic Substances Control Act and the Formaldehyde Standards Act, as well as Lumber Liquidators' express representations and warranties.

21. The defects and deficiencies are due to fundamental design, engineering, and manufacturing errors well within Lumber Liquidators' area of expertise.

22. Thus, Lumber Liquidators deceptively manufactured, labeled, and sold the Chinese Flooring.

23. Moreover, during contact with Plaintiff and Class members, Lumber Liquidators concealed its knowledge of repeated product defects in the Chinese Flooring in the Class members' structures.

24. Further, Lumber Liquidators' marketing materials for the Chinese Flooring contain false and misleading information relating to compliance with California and Federal standards and were designed to increase sales of the product at issue.

25. Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has not notified all purchasers and/or homeowners, including Plaintiff, with the Chinese Flooring of the defect nor provided uniform relief.

26. Plaintiff and Class members have not received the value for which they or their builder bargained when the Chinese Flooring was purchased. There is a difference in value between the Chinese Flooring as warranted and the Chinese Flooring containing the defect.

27. Plaintiff and the Class have been damaged by Lumber Liquidators' dangerous and defective Chinese Flooring. Plaintiff and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring, damages that the Chinese Flooring caused and other damages to be proven at trial.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4) are met with respect to the classes defined below:

> **INJUNCTIVE RELIEF CLASS:**
> **All persons and entities in the State of Louisiana who purchased wood flooring from Lumber Liquidators Holdings, Inc., either directly or through an agent, that was sourced, processed, or manufactured in China.**

> **DAMAGES CLASS:**
> **All persons and entities in the State of Louisiana who purchased wood flooring from Lumber Liquidators Holdings, Inc., either directly or through an agent, that was sourced, processed, or manufactured in China.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Lumber Liquidators, its affiliates, employees, officers and directors, persons or entities that distribute or sell Lumber Liquidators flooring; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

29.    *Numerosity:* The Classes are composed of thousands of persons geographically dispersed throughout the state of Louisiana, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Classes are ascertainable and identifiable from Lumber Liquidators' records or documents.

30.    *Commonality*: Questions of law and fact common to the Classes exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual issues include, but are not limited to the following:

   a. Whether Lumber Liquidators' Chinese Flooring products emit excessive levels of formaldehyde;
   b. Whether Lumber Liquidators' Chinese Flooring products' emissions of excessive levels of formaldehyde constitute a redhibitory defect;
   c. Whether Lumber Liquidators' Chinese Flooring products would have been purchased were it known they emitted excessive levels of formaldehyde;
   d. Whether Lumber Liquidators represented and warranted that its Chinese Flooring products complied with their label descriptions;
   e. Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiff and the other Class

      members regarding the sourcing, manufacturing and composition of its Chinese Flooring products;

    f. Whether Lumber Liquidators breached its express or implied warranties to Plaintiff and the other Class members with respect to its Chinese Flooring products;

    g. Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to the label description;

    h. Whether, as a result of Lumber Liquidators' conduct, Plaintiff and the other Class members have suffered damages; and if so, the appropriate measure of damages to which they are entitled;

    i. Whether, as a result of Lumber Liquidators' conduct, Lumber Liquidators was unjustly enriched; and

    j. Whether, as a result of Lumber Liquidators' misconduct, Plaintiff and the other Class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

31. *Typicality:* Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and each of the other Class members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

32. *Adequate Representation:* Plaintiff will fully and adequately assert and protect the interests of the other Class members. In addition, Plaintiff has retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff nor her attorneys have any interests contrary to or conflicting with other Class members' interests.

33. *Predominance and Superiority:* This class action is appropriate for certification because questions of law and fact common to the members of the Classes predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all

members of the Classes are impracticable. Should individual Class members be required to bring separate actions, this Court and Courts throughout Louisiana would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

34. Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of all others similarly situated.

## DISCOVERY RULE

35. The causes of action alleged herein did not accrue until Plaintiff and Class members discovered that their properties contained Chinese Flooring.

36. However, Plaintiff and Class members had no realistic ability to discern that their properties were contaminated with Chinese Flooring until the airing of an episode of 60 Minutes on March 1, 2015, which brought the defective nature of the Chinese Flooring to light. Until then, Plaintiff and Class members had no reason to know their flooring was defective because of Lumber Liquidators' active concealment of the defect.

37. Plaintiff and Class members were not reasonably able to discover the flooring defect until after they had purchased the Chinese Flooring, despite their exercise of due diligence, and their causes of action did not accrue until they discovered that their Chinese Flooring was defective.

**CAUSES OF ACTION**
**FIRST CLAIM FOR RELIEF**

**(Redhibition)**

38.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

39.     The Chinese Flooring contains a latent vice or defect which renders it useless or its use so inconvenient that Plaintiff or any other buyers would not have purchased the Chinese Flooring had they know of the vice or defect.

40.     Defendants marketed, manufactured, sold and distributed the Chinese Flooring which Defendants placed into the stream of commerce.  Under Louisiana law, the seller warrants the buyer against redhibitory defects, or vices, in the thing sold. La. C.C. art. 2520.  The Chinese Flooring possesses a redhibitory defect because it was not marketed, manufactured, sold and distributed in accordance with industry standards and/or was unreasonably dangerous, as described above, which renders the Chinese Flooring useless or its use so inconvenient that it must be presumed that a buyer would not have bought the Chinese Flooring had they known of the defect.  Pursuant to La. C.C. art. 2520, Plaintiff and Class members are entitled to damages and/or to obtain rescission of the sale of the Chinese Flooring as well as other damages.

41.     The Chinese Flooring alternatively possesses a redhibitory defect because the flooring was not marketed, manufactured, sold and distributed in accordance with industry standards and/or are was unreasonably dangerous, as described above, which diminishes the value of the Chinese Flooring so that it must be presumed that a buyer would still have bought the flooring, but for a lesser price.

42.      Defendants are liable as bad faith sellers for selling the Chinese Flooring with knowledge of the defect, and thus, are liable to Plaintiff and Class members for the price of the

10

Chinese Flooring, with interest from the purchase date, as well as damages, reasonable expenses occasioned by the sale of the Chinese Flooring, and attorneys' fees. As the manufacturer of the Chinese Flooring, under Louisiana law Defendants are presumed to know that the Chinese Flooring possessed a redhibitory defect and are deemed to be in bad faith. La. C.C. art. 2545.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Warranties of Merchantability and Fitness)

43. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

44. At all times relevant hereto, Defendants knew of the use for which the Chinese Flooring was intended and impliedly warranted the Chinese Flooring to be of merchantable quality and safe and fit for such use.

45. Defendants were aware that consumers, including Plaintiff and Class members, would use the Chinese Flooring in the manner in which such flooring was intended to be used.

46. Plaintiff and Class members reasonably relied upon the judgment and sensibility of Defendants to sell the Chinese Flooring only if it were indeed of merchantable quality and safe and fit for its intended use. Defendants breached their implied warranty of merchantability to Plaintiff and the Class members because the Chinese Flooring was neither of merchantable quality nor fit for the ordinary purposes for which it is used—as a safe flooring material free from material defects. Specifically, the Chinese Flooring contains excessive levels of formaldehyde, which makes the Chinese Flooring unfit for the ordinary purpose for which it was intended.

47. As a proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and the Class members were damaged in the amount of, and entitled to

recover, the difference in value between the Chinese Flooring as warranted (its sales price) and the Chinese Flooring as actually delivered (perhaps worth $0.00) (*i.e.*, a total refund of the full or partial purchase price of the Chinese Flooring), plus the cost to remove and replace the Chinese Flooring and any other component of the home damaged by Chinese Flooring, loss of use and other consequential damages arising after the date of delivery of the Chinese Flooring.

## THIRD CLAIM FOR RELIEF

### (Breach of Warranty of Fitness for Ordinary Use)

48. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

49. In addition to the warranties as set forth above, Defendants also warranted that the Chinese Flooring was reasonably fit for its ordinary and intended use. La. C.C. art. 2524.

50. The Chinese Flooring is not safe and contains a serious and life threatening defect. As a result, the Chinese Flooring is unfit and inherently dangerous for ordinary use.

51. As a direct and proximate result of Defendants' actions in breaching their warranty of fitness for ordinary use, Plaintiff and Class members have sustained serious and significant damages for which Defendants are liable.

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief 28 U.S.C. § 2201
### (Pleading in the Alternative on Behalf of the Louisiana Class)

52. Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

53. Lumber Liquidators has acted or refused to act on grounds that apply generally to the Injunctive Relief Class, so that final injunctive relief or corresponding declaratory relief is

appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiff seeks a ruling that:

    a. the Chinese Flooring has a defect which results in unsafe levels of formaldehyde emissions. The Court finds that this defect is material and requires disclosure for all of this flooring;

    b. the Chinese Flooring has a defect that allows for unsafe levels of formaldehyde emissions. The court declares that all Class members who own structures containing Chinese Flooring are to be provided the best practicable notice of the defect, which cost shall be borne by Lumber Liquidators; and

    c. Lumber Liquidators will establish an inspection program and protocol, under Court supervision, to be communicated to Class members, which will require Lumber Liquidators to inspect, upon request, a Class member's structure to determine if formaldehyde emissions levels are safe. Any disputes over coverage shall be adjudicated by a Special Master appointed by the Court and/or agreed to by the parties.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated, prays for a judgment against Defendants as follows:

    a.    For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiff as representative of the Classes, and appointing the law firms representing Plaintiff as Class Counsel;

    b.    For compensatory damages sustained by Plaintiff and the Damages Class;

    c.    For equitable and/or injunctive relief for the Injunctive Relief Class;

    d.      For payment of costs of suit herein incurred;

    e.      For both pre-judgment and post-judgment interest on any amounts awarded;

    f.      For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

    g.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff on behalf of herself and on behalf of the Class members, hereby demands a trial by jury as to all issues so triable.

Date: March 26, 2015.

Respectfully submitted,

**BARRIOS, KINGSDORF & CASTEIX, L.L.P.**

By: /s/ Dawn M. Barrios
DAWN M. BARRIOS (#2821)
BRUCE S. KINGSDORF (#7403)
ZACHARY L. WOOL (#32778)
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
Phone: 504-524-3300
Facsimile: 504-524-3313
barrios@bkc-law.com
bkingsdorf@bkc-law.com
zwool@bkc-law.com

**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**

GERALD E. MEUNIER ( #9471)
M. PALMER LABERT (#33228)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone: 504-522-2304
Facsimile: 504-2528-9973
gmeunier@gainsben.com
plambert@gainsben.com

*Attorneys for the Plaintiff and the Classes*